IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Torrest Sias, | ) |
|                       Plaintiff, | ) Civil Action No. 6:10-2675-HMH-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Honeywell, | ) |
|                       Defendant. | ) |

The plaintiff, proceeding *pro se*, brought this action pursuant to the Americans with Disabilities Act. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On February 14, 2011, the court filed a scheduling order directing the parties to submit their Rule 26(f) reports by March 21, 2011. When the plaintiff failed to do so, the court entered an order on March 24, 2011, giving him through April 11, 2011, to submit the report. When the plaintiff again failed to respond, the court entered another order on April 21, 2011, giving the plaintiff through May 16, 2011, to file the report and advising him that if he failed to do so the case would be subject to dismissal for failure to prosecute. The plaintiff has not submitted his Rule 26(f) report and, in fact, has had no contact with the court at all since January 2011.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989), *cert. denied,* 493 U.S. 1084 (1990). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

>(1) the degree of personal responsibility on the part of the plaintiff;
>
>(2) the amount of prejudice to the defendant caused by the delay;
>
>(3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
>(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motion for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

>s/Kevin F. McDonald
>United States Magistrate Judge

May 20, 2011

Greenville, South Carolina